UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN LEANN GRAVES | CIVIL ACTION |
| VERSUS | NO. 09-5633 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "A" (2) |

# **FINDINGS AND RECOMMENDATION**

Plaintiff, Vivian Leann Graves, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI, respectively, of the Act. 42 U.S.C. §§ 405(g), 423, 1381a. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(B).

The Commissioner filed a motion to dismiss, arguing that plaintiff's complaint failed to state a claim for relief because it is barred by the applicable statute of limitations. Record Doc. No. 8.

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to defendant's motion to dismiss has been timely submitted.

I. PROCEDURAL HISTORY

Although defendant filed a "Motion to Dismiss" pursuant to Federal Rule of Civil Procedure 12(b)(6), Record Doc. No. 8, at p. 1, he has attached to his motion several exhibits to support his contention that plaintiff's action is barred by the statute of limitations, including the affidavit of Patrick J. Herbst. Record Doc. No. 8-3. A defense that is supported by evidence beyond the allegations of the pleadings cannot be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). If matters outside the pleadings are presented by a motion to dismiss, Fed. R. Civ. P. 12(d) provides that the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56 and the opposing party "must be given a reasonable opportunity to present all the material that is pertinent to the motion." In the instant case, however, it is unnecessary formally to convert defendant's motion to one for summary judgment and to give plaintiff an opportunity to respond because it is clear, on the face of the motion papers, that the motion cannot be granted.

The following facts are established by the declaration under penalty of perjury filed with defendant's motion and the attached verified exhibits. After plaintiff's application for benefits was denied initially and on reconsideration, Graves received a

hearing before an Administrative Law Judge ("ALJ "). The ALJ denied benefits in a decision dated September 30, 2008. Defendant's Exh. 1.

Graves requested review of this decision. On June 8, 2009, the Appeals Council denied her request for review. Defendant's Exh. 2. This letter of denial, which was mailed to plaintiff's home address, with a copy sent to her representative, notified her that: "You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Defendant's Exh. 2, at p. 2. Graves did not seek an extension of time to file a civil action from the Appeals Council, which the letter also advised her that she could do.

Plaintiff filed an application to proceed in forma pauperis in this court on August 14, 2009. Record Doc. No. 1. Her application was granted and her complaint was formally filed on August 20, 2009. Record Doc. Nos. 2, 3.

The Commissioner moves to dismiss on the ground that the complaint was filed no earlier than August 14, 2009. He contends that this date was more than 60 days after plaintiff was deemed to have received notice of the Appeals Council's notice of denial of review. He calculates that the last day of the 60-day period was August 12, 2009.

II.   ANALYSIS

Only "final decisions" of the Commissioner are subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Brandyburg v. Sullivan, 959 F.2d 555, 559 (5th Cir. 1992). After the Appeals Council denied review in this case on June 8, 2009, the ALJ 's decision became final for purposes of this court's review.

Section 405(g) of the Act requires "that claims [for judicial review] must be presented in the District Court within 60 days of a final decision of the Secretary," a requirement that "is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of N.Y., 476 U.S. 467, 478 (1986). An aggrieved individual "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The Commissioner's "regulations clarify that a civil action must be commenced within sixty days after the notice 'is received by the individual.' The regulations also establish a rebuttable presumption that 'the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.'" Flores v. Sullivan, 945 F.2d 109, 111 (5th Cir. 1991) (quoting 20 C.F.R. § 422.210(c) (1990)); accord Kinash v. Callahan, 129 F.3d 736, 737 (5th Cir. 1997). The Commissioner may extend the time upon a showing of good cause. Flores, 945 F.2d at 111.

Fed. R. Civ. P. 6(a) (as it read prior to the amendment that took effect on December 1, 2009) established the following method for counting the passage of time to

determine when the presumptive five days for receipt of the Appeals Council's notice ran. First, "in computing any time period specified in these rules or in any local rule, court order, or <u>statute</u>: (1) . . . . Exclude the day of the act, event, or default that begins the period." Fed. R. Civ. P. 6(a)(1) (emphasis added). Section 405(g) is an applicable "statute."

The declaration and exhibits attached to defendant's motion establish that the Appeals Council's letter was dated and mailed to plaintiff on June 8, 2009. Thus, the five-day counting period begins on June 9, 2009, a Tuesday. Next, the applicable version of Rule 6(a)(2) in effect prior to December 1, 2009 provided that "intermediate Saturdays, Sundays, and legal holidays [are excluded] when the period is less than 11 days." Fed. R. Civ. P. 6(a)(2). Because the period at issue is a five-day period and the 13th and 14th of June 2009 were Saturday and Sunday, the counting was suspended over these two days. The applicable version of Rule 6(a)(3) further provided:

> Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or–if the act to be done is filing a paper in court–a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

Fed. R. Civ. P. 6(a)(3).

The Commissioner argues that plaintiff's deadline to file this civil action was August 12, 2009. However, in calculating this date, defendant failed to count the initial

5-day period as a period of <u>less</u> than 11 days, from which weekends must be excluded, according to the applicable version of Rule 6(a)(2). Instead, he lumped the 5-day period together with the 60-day statutory period and applied the rule governing periods of <u>more</u> than 11 days to the entire 65-day period. Using that method, 65 days after June 8, 2009, including intermediate weekends and legal holidays, is August 12, 2009.

If the five-day period is counted correctly to exclude Saturday and Sunday, Graves is deemed to have received the letter on June 15, 2009, which is the fifth day after it was mailed, excluding the intermediate Saturday and Sunday. Graves has presented no evidence to rebut that presumption of receipt.

Graves was thus required to file her complaint within 60 days of June 15, 2009 (including intermediate Saturdays, Sundays and legal holidays), or no later than August 16, 2009. Because August 16, 2009 was a Sunday, plaintiff's deadline to file her civil action was Monday, August <u>17</u>, 2009, not August 12, 2009 as defendant contends.

Graves filed her application to proceed in forma pauperis on Friday, August 14, 2009, one business day before her deadline expired. Although her complaint was not formally filed by the clerk of court until August 20, 2009, after her application to proceed in forma pauperis was granted, the complaint was tendered for filing along with the in forma pauperis application on August 14, 2009. Therefore, her complaint is deemed timely filed. <u>McClellon v. Lone Star Gas Co.</u>, 66 F.3d 98, 101 (5th Cir. 1995); <u>Rodgers v. Bowen</u>, 790 F.2d 1550, 1552 (11th Cir. 1986); <u>Lyons v. Goodson</u>, 787 F.2d 411 (8th

6

Cir. 1986); Smith v. Planned Parenthood, 327 F. Supp. 2d 1016, 1018 (E.D. Mo. 2004) (citing Casanova v. Dubois, 304 F.3d 75, 80 (1st Cir. 2002); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Robinson v. Doe, 272 F.3d 921, 922-23 (7th Cir. 2001); Cintron v. Union Pacific R.R., 813 F.2d 917 (9th Cir. 1987); Rodgers, 790 F.2d at 1551-52; Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544, 547 (5th Cir. 1978); Molina v. City of Lancaster, 159 F. Supp. 2d 813, 819 (E.D. Pa. 2001); Wells v. Apfel, 103 F. Supp. 2d 893, 897-99 (W.D. Va. 2000)).

Accordingly, defendant's motion to dismiss, even if properly treated as a motion for summary judgment, must be denied.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion to dismiss be DENIED.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Fed. R. Civ. P.

72(a); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_1st\_\_\_ day of December, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE